UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-58

EVELYN RENEE CHOATE, individually
and d/b/a ER CHOATE FARMS                                                                    PLAINTIFF

v.

BROOKS UNDERWOOD and
OHIO VALLEY CROP INSURANCE, LLC                                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on the Plaintiff's motion to remand. Pl.'s Mot. Remand, Docket Number ("DN") 8. The Defendants have responded. Defs.' Resp., DN 9. The Plaintiff has replied. Pl.'s Reply, DN 10. This matter is now ripe for adjudication. For the following reasons the Plaintiff's motion is GRANTED.

**I.**

The issue is whether this case should be remanded to state court. The parties' briefs focus solely on whether the Court has diversity jurisdiction based on the citizenship of the parties. The Plaintiff argues that all parties are citizens of Kentucky, destroying diversity jurisdiction and warranting remand. The Defendants admit that they are citizen of Kentucky but allege that complete diversity exists because the Plaintiff is a citizen of Tennessee. The Court need not decide the citizenship issue, however.

The Court lacks jurisdiction to hear this case under the "forum defendant rule" codified at 28 U.S.C. § 1441(b)(2). The substance of that rule guides that where a defendant is sued in a court of the state where he or she is a citizen, the defendant may not remove on the basis of diversity jurisdiction. Even if the Plaintiff is a citizen of Tennessee, the Court lacks jurisdiction to hear this case because the Defendants were sued in a court of the state where they are citizens.

1

Therefore, this case must be remanded.

## II.

The underlying dispute involves a policy of crop insurance obtained by Plaintiff Evelyn Renee Choate ("Choate") through Defendant Ohio Valley Crop Insurance, LLC ("Ohio Valley"). Defendant Brooks Underwood ("Underwood") is the agent alleged to have sold the insurance to Choate on behalf of Ohio Valley. According to Choate, Underwood "breached his duty to the Plaintiff in failing to take all appropriate steps necessary to obtain insurance coverage . . . on behalf of the Plaintiff." Compl., DN 1-1, p. 10. As a result of Underwood's breach, Choate alleges that she was denied the benefits of the crop insurance when she could not plaint crops on certain property in Alexander County, Illinois because of flooding. Choate also alleges that Ohio Valley, as Underwood's employer, is vicariously liable for Underwood's breach.

Choate filed suit against the Defendants in the Calloway County Circuit Court on March 8, 2012. Choate's complaint alleges that she is a "citizen and resident of the Commonwealth of Kentucky . . . ." *Id.* at p. 5. Underwood is alleged to be a "citizen and resident of Murray, Calloway County, Kentucky[,]" and Ohio Valley is a "limited liability company organized under the laws of the Commonwealth of Kentucky having a principle place of business at 5601 Big Spring Road, Vine Grove, Kentucky 40175." *Id.* As alleged by Choate, all parties are citizens of Kentucky.

Underwood was served on March 13, 2012, while Ohio Valley was served on March 22, 2012. On April 18, 2012, within thirty days of service, Ohio Valley removed to this Court on the basis of diversity jurisdiction found in 28 U.S.C. § 1332(a). Notice of Removal, DN 1, ¶ 6. The Defendants admit that they are citizens of Kentucky. *Id.* at ¶ 3. It is alleged, however, that Choate is "a citizen of the State of Tennessee . . . ." *Id.* at ¶ 4. Subsequent to removal, Choate

moved to remand, claiming, as alleged in her complaint, that she "is and at all times relevant to this action has been a citizen and resident of the Commonwealth of Kentucky . . . ." Mot. Remand, DN 8, ¶ 1.

### III.

A case "otherwise removable solely on the basis of [diversity jurisdiction found in 28 U.S.C § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is commonly known as the "forum defendant rule" and can be stated in simpler terms: where a defendant has been sued in a court of the state where he or she is a citizen, the defendant may not remove to federal court on the basis of diversity. Any attempt to remove by the defendant in such a situation must be remanded for lack of subject-matter jurisdiction.[1]

"The question of subject matter jurisdiction may be raised at any time, whether at the suggestion of the parties or *sua sponte* by the court." *Lexington-Fayette Urban Cnty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)). Although the issue has not been addressed by the Sixth Circuit, courts in this district treat the forum defendant rule as jurisdictional issue rather than a procedural one. *See Regions Bank v. Am. Justice Sch. of Law, Inc.*, No. 5:08-CV-134-M, 2009 U.S. Dist. LEXIS 26718, at *17 (W.D. Ky. March 30, 2009) ("[T]he Court finds that the forum defendant rule is jurisdictional and that it has an obligation to raise the removal defect sua sponte."). Accordingly, the Court has the authority to address jurisdictional issues even if they were not raised by the parties. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("A federal

---

[1] One exception should be acknowledged. In *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699 (1972), the Supreme Court held that when a case is improperly removed but is tried to judgment on the merits without objection, a party waives his right to later raise the issue of lack of subject-matter jurisdiction at the time of removal. The *Grubbs* exception is not at issue in this case because there has been no judgment on the merits. Indeed, this case has only been in federal court for a few weeks and discovery has not commenced.

3

court always has jurisdiction to determine its own jurisdiction.").

## IV.

In the present case, application of the forum defendant rule is straightforward and beyond controversy. The Defendants have admitted that they are citizens of Kentucky. Notice of Removal, DN 1, ¶ 3. Additionally, they acknowledge that Choate's original state court complaint was filed in the Calloway County Circuit Court. *Id.* at ¶ 1. Therefore, it is clear that the Defendants were sued in a court of the state where they are citizens. Under such circumstances, Choate's state of citizenship is inconsequential. Even if she is a citizen of Tennessee, the forum defendant rule bars the Defendants from removing to federal court.

The logic behind the forum defendant rule is well-founded and reasonable. "In diversity cases, removal jurisdiction was designed to protect nonresident defendants from any perceived prejudice or preference of the state court regarding the resident plaintiffs." 16 James Wm. Moore, *Moore's Federal Practice,* § 107.03 (3d ed. 2012). Where a defendant is sued in his or her state of citizenship, "it makes no sense to allow an in-state defendant to take advantage of removal." *Id.* § 107.14[2][e][i]. "The forum defendant rule reflects the notion that there is no concern about favoritism by local courts towards a nonresident plaintiff, so there is no need to protect a resident defendant by allowing resort to federal court." *Davenport v. Toyota Motor Sales, USA, Inc.*, No. 09-CV-532-JPG, 2009 U.S. Dist. LEXIS 116287, at *6 (S.D. Ill. Dec. 14, 2009) (citation omitted). Simply put, the prejudices and preferences justifying removal jurisdiction are not present in situations, like the one at bar, where the defendant is sued in his or her state of citizenship.

## CONCLUSION

The Defendants' sole ground for removal was diversity of citizenship. The Plaintiff now

4

moves to remand because the parties are not completely diverse. Regardless of the parties' citizenship the Defendants were sued in a court of the state where they are citizens. As such, they improperly removed under the terms of the forum defendant rule codified at 28 U.S.C. § 1441(b)(2). Because the case was improperly removed, the Plaintiff's motion is GRANTED. An order remanding this case to the Circuit Court of Calloway County, Kentucky shall issue.